**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| KEISHAWN CRANFORD, | Case No. 3:21-CV-00386-RCJ-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]** |
| v. | [ECF Nos. 25, 26, 27] |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Keishawn Cranford ("Cranford") against T. Rigali ("Rigali"), Dawn Jones ("Jones"), Gregory Martin ("Martin"), Michael Minev ("Minev"), and Chet Rigney ("Rigney") (collectively referred to as "Defendants"). Currently pending before the Court are Cranford's motions for temporary restraining order and/or preliminary injunction, (ECF Nos. 25, 26), and a motion to dispense with the requirement of security. (ECF No. 27.) Defendants opposed the motions for temporary restraining order and/or preliminary injunction. (ECF Nos. 29, 30.) No reply was filed. For the reasons stated below, the Court recommends that Cranford's motions for temporary restraining order and/or preliminary injunction, (ECF No. 25, 26) be DENIED, and that Cranford's motion to dispense with the requirement of security, (ECF No. 27), be DENIED as moot.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Cranford is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Ely State Prison ("ESP"). Cranford initiated this action on August 27, 2021, by filing an application to proceed *in forma pauperis* and civil rights complaint. (ECF No. 1.)

---

[1]    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Pursuant to 28 U.S.C. § 1915A, the District Court screened Cranford's complaint and allowed him to proceed on claims for (1) Eighth Amendment excessive force against Defendants Rigney and Rigali, and (2) Fourteenth Amendment equal protection against Defendants Rigney and Rigali. (ECF No. 7.) Thereafter, the Court granted Cranford's motion to amend the complaint in order add an additional claim for an Eighth Amendment deliberate indifference to serious medical needs against Defendants Dawn Jones, Gregory Martin, and Michael Minev. (ECF No. 23.)

## II.    Cranford's Motions for Injunctive Relief

On November 14, 2022, Cranford filed the current motions for temporary restraining order and/or preliminary injunction. (ECF Nos. 25, 26.) In the motions, Cranford claims that he is being "harassed and retaliated against by" Rigney and Rigali and "the Warden's Office" solely because he filed this civil rights action against them. (ECF Nos. 25 at 5-6; 26 at 5-6.) Cranford requests the Court enter an injunction against Rigney and Rigali preventing them direct supervision over Cranford and removing him from the care of the Warden's Office during the pendency of this action. (*Id.* at 9-10.)

In response, Defendants argue that a preliminary injunction is inappropriate because: (1) Cranford cannot establish that he will experience irreparable harm if an injunction is not granted; (2) he cannot establish a strong likelihood that he will succeed on his claim; and (3) he cannot show that a balancing of the hardships favors the relief he seeks. (ECF Nos. 29, 30.) No reply was filed.

## III.    LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider

the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted).  The instant motion requires the Court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

A preliminary injunction is an extraordinary remedy that is never awarded as a matter of right. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008).[2] However, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id*. Where the motion for preliminary injunction is related to new allegations of mistreatment – distinct from the allegations at issue in the complaint - such a motion must be denied. *See e.g., Padilla v. Nevada*, Case No. 2:08-cv-410, 2011 WL 2746653, at 8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, Case No. 2:098-cr-3012-JAM-KJN, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, Case No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

---

[2]     Preliminary injunctions and temporary restraining orders are governed by the same legal standards. *See Quiroga v. Chen*, 735 F.Supp.2d 1226, 1228 (D. Nev. 2010).

## IV.     DISCUSSION

Having reviewed all the filings related to this motion with the above-cited principles in mind, the Court finds Cranford's motions must be denied. First and foremost, Cranford has failed to establish that the allegations of "harassment" and "retaliation" in the motions have a direct nexus or relationship to the allegations in the underlying complaint. Here, the amended complaint alleges causes of action that arose from events that occurred in December 2020 involving acts of excessive force and allegations that he was not provided proper medical care for his injuries thereafter. (*See* ECF No. 24.)

By contrast, the conduct complained of in Cranford's current motions relate to acts that allegedly occurred in 2022 – approximately two years later – involving distinct and separate acts of alleged retaliation and harassment. (*See* ECF Nos. 25, 26.) In fact, Cranford's motions allege that the current acts of retaliation and harassment arise because he is continuing to pursue relief *in this lawsuit*. (*Id.*) Moreover, Cranford asks for relief against unnamed individuals in the Warden's Office that are not named defendants in this case. (*Id.*) As such, the allegations in the motions are distinct from the events giving rise to the claims in the amended complaint – namely, the excessive force claim and claim of medical indifference - in time, events, and even parties.

For the reasons discussed above, Cranford's motions allege new and distinct claims of mistreatment from those asserted in the amended complaint. As such, Cranford has failed to show any relationship between the injuries complained of in the current motions and the allegations contained in the amended complaint. Accordingly, this Court lacks authority to grant the relief requested in Cranford's motion and it is recommended that Cranford's motions be denied. *See Pac. Radiation Oncology,* 810 F.3d at 636.[3]

## V.     CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Cranford's motions for temporary restraining order and/or preliminary injunction, (ECF Nos. 25, 26), be DENIED. Additionally, the Court recommends

---

[3]     If Cranford believes Defendants have engaged in new violations of his civil rights, his must file a new lawsuit asserting these new allegations and distinct claims.

Cranford's motion to dispense with the requirement of security, (ECF No. 27), be DENIED as moot.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Cranford's motions for temporary restraining order and/or preliminary injunction, (ECF Nos. 25, 26), be DENIED; and

**IT IS FURTHER RECOMMENDED** that Cranford's motion to dispense with security, (ECF No. 27), be DENIED as moot.

**DATED**: December 6, 2022

_____

**UNITED STATES MAGISTRATE JUDGE**