UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEISHAWN CRANFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　Defendants. | Case No. 3:21-CV-00386-RCJ-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL**<br><br>[ECF Nos. 55, 56] |

Currently pending before the Court are two motions to compel discovery filed by Plaintiff Keiwshawn Cranford ("Cranford"). (ECF Nos. 55, 56.) In the first motion, Cranford seeks to compel various defendants to provide responses to interrogatories and requests for production of documents. (ECF No. 55.) In the second motion, Cranford seeks to compel responses to requests for admission served upon Defendant Michael Minev. (ECF No. 56.) Both motions are less than one page and fail to comply with several procedural requirements. For the reasons stated below, the Court denies Cranford's motions to compel, (ECF Nos. 55, 56), without prejudice.

**A.**　**Meet-and-Confer Requirement**

Pursuant to this Court's scheduling order and the Court's Local Rules, prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. Specifically, a discovery motion will not be considered unless the movant has made a good-faith effort to meet-and-confer with the opposing party before filing the motion. To comply with the meet-and-confer requirement, an incarcerated party is required to send a written communication to the opposing counsel or party explaining, with specificity, the discovery dispute, and a request to hold a telephonic meet-and-confer session. *See* LR IA 1-3(f); LR 26-6(b)-(c).

If the meet-and-confer efforts are unsuccessful, the party seeking to compel discovery, or a protective order, may file a discovery motion. The motion must include the

following: (1) a declaration providing the details and results of the meet-and-confer conference about each disputed discovery request; and (2) the full text of each discovery request and disputed response at issue. (*Id.*)

Here, it is apparent that no meet-and-confer took place prior to filing either of the discovery motions. There is no statement in either motion related to any meet-and-confer taking place or any attempt to meet-and-confer being made by Cranford. In addition, neither motion is accompanied by a declaration detailing the attempts or results of any meet-and-confer or attempts to meet-and-confer as required by the rules. On this basis alone, the motions must be denied.

### B. Additional Procedural Issues

However, in addition to the failure to meet-and-confer prior to filing either motion, Cranford's motions also fail to comply with other procedural requirements. For example, pursuant to the Court's Local Rules, all motions must be supported by a memorandum of points and authorities, which explains the relief requested and provides citations to legal authorities that support the moving party's position. *See* LR 7-2(a). The failure of the moving party to file a points and authorities in support of a motion, "constitutes a consent to denial of the motion." LR 7-2(d). Neither motion is supported by a memorandum points and authorities.

In addition, when a party files a motion to compel discovery, the moving party must set forth, *in full*, the text of the discovery originally sought and any response to it. LR 26-6(b). Here, Cranford simply attached to each motion the entirety of the sets of discovery requests sent to Defendants and all of the responses to each of those requests. (ECF No. 55 at 3-20, ECF No. 56 at 3-16.) He did not identify *which* of the specific discovery requests or responses he takes issue with. It is not up to the Court to determine which of the discovery responses he deems inadequate nor will the Court simply assume that he takes issue with all of the discovery responses. Rather, the moving party must specifically identify the discovery requests and responses that are at issue in a discovery motion. LR 26-6(b). For these additional reasons, Cranford's motions must be denied.

### C. <u>Misc. Issues</u>

Both parties are reminded that "discovery is supposed to proceed with minimal involvement of the Court." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)). To this end, counsel and pro se litigants, "should strive to be cooperative, practical, and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests." *Id*. (internal quotations omitted). Therefore, prior to the filing of any additional discovery motions, the parties are reminded of their obligations to comply with the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's orders. Any additional discovery motions may only be filed after: (1) a proper meet-and-confer has taken place; (2) the issues for the Court's consideration are properly narrowed to only those issues that the parties cannot agree upon; and (3) moving party files a proper memorandum of points and authorities in support of the discovery motion which specifically identifies the discovery requests and responses at issue along with a declaration detailing the meet-and-confer efforts. *See* LR IA 1-3(f); LR 26-6(b)-(c); LR 7-2(a).

With that being said, the Court must issue a word of caution to Defendants. Although the Court is denying Cranford's motions to compel based on the procedural issues outlined above, the Court has reviewed the discovery requests and responses that were attached to each motion and is deeply troubled by Defendants conduct in discovery thus far. It appears Defendants made repeated objections based on claims of "compound questions" and as such refused to provide any "answer or document" in response to many of the interrogatories served. (*See* ECF No. 55 at 5-20.) Defendants are reminded that despite objections related to compound questions, vagueness or the like, parties are required to respond to an interrogatory to the fullest extent possible. Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 33(b) Advisory Committee Notes (1993 Amendment). In addition, a responding party must use common sense and reason when responding to discovery. *Williams v. Adams*, 1:05-cv-00124-AWI-SMS, 2009 WL 1220311, *1 (E.D. Cal. May 4, 2009).

Therefore, Defendants are reminded of their obligation to act in good faith and to provide responses to discovery requests to the fullest extent possible, even if they object to portions of a discovery request. Fed. R. Civ. P. 33(b) Advisory Committee Notes (1993 Amendment). Moreover, Defendants are reminded that this Court will not tolerate gamesmanship by defense counsel or refusals to cooperate in the discovery process. As such, Defendants are ordered to review their discovery responses provided to date, and to supplement those responses consistent with the Federal Rules of Civil Procedure and the Court's guidance as stated above.

For all the reasons stated above, Cranford's motions to compel, (ECF Nos. 55, 56), are denied without prejudice.

**DATED**: May 17, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**