UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEISHAWN CRANFORD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:21-CV-00386-CLB<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 62] |

Currently pending before the Court is Plaintiff Keishawn Cranford's ("Cranford's") motion for appointment of counsel. (ECF No. 37.) Having considered Cranford's motion and the docket in this case, the Court finds that exceptional circumstances exist that support the appointment of counsel and therefore grants Cranford's motion.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant

would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

Having considered Cranford's motion and the docket in this case, the Court finds that exceptional circumstances warrant appointment of counsel. *Terrell*, 935 F.2d at 1017. First, this case is based on allegations of excessive force, and if the allegations are believed by a jury, Cranford may succeed on the merits. In addition, this case involves a claim of deliberate indifference to medical treatment necessitated from the alleged excessive force incident. Cranford asserts that his injuries were significant and included some hearing loss. In his motion, he explains that these claims will require extensive discovery, the use of medical experts, and skills at trial that he does not possess. He also asserts that his ability to conduct discovery, investigations, and litigant this case are hampered by the fact that he is currently housed in administrative segregation. Taking all of these facts and circumstances into account, the Court finds that Cranford has shown that exceptional circumstances exist here.

The Court therefore grants Cranford's motion for appointment of counsel, (ECF No. 62), and stays this case in its entirety until pro bono counsel is identified and formally appointed. In addition, this case is referred to the Pro Bono Program adopted in the Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Cranford. By referring this case to the Program, the Court is not expressing an opinion on the merits of the case.

Accordingly, **IT IS HEREBY ORDERED** that Cranford's motion for appointment of counsel, (ECF No. 62), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that the Clerk shall also forward this order to the Pro Bono Liaison.

///

**IT IS FURTHER ORDERED** that this case is stayed in its entirety until pro bono counsel is identified and formally appointed in this case.

DATED: July 21, 2023

_____
UNITED STATES MAGISTRATE JUDGE